PHILLIP A. TALBERT
United States Attorney
DAVID GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:21-CR-00023 NONE-SKO |
| Plaintiff, | **STIPULATION BETWEEN THE UNITED STATES AND DEFENDANTS REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION AND PROTECTIVE ORDER** |
| v. | |
| | Ctrm:  7 |
| JATINBHAI BHAKTA, and ROY DREES | Hon.  Sheila K. Oberto |
| Defendants. | |

    This case involves a charge related to the operation of an alleged criminal enterprise for approximately three years. During this time numerous adults, and several minors, were the victims of sex trafficking by pimps. The discovery in this case contains private personal information related to the defendants, as well as third parties (both adults and minors), including but not limited to their names, dates of birth, physical descriptions, telephone numbers and/or residential addresses (protected information). Some of the discovery also involves sensitive financial information.

1

The parties desire to avoid both the necessity of large-scale redactions and the unauthorized disclosure or dissemination of this personal information to anyone not a party to the court proceedings in this matter, so the parties agree that entry of a protective order would be appropriate and facilitate the expeditious exchange of information about the case.

As a result, defendant Roy Drees, by and through his counsel of record, Serita Rios, and the United States of America, by and through Assistant United States Attorney David Gappa, agree as follows:

1. This court may enter a protective order under Rule 16(d) of the Federal Rules of Criminal Procedure, and the court's general supervisory authority.

2. The protective order will cover all discovery provided to or made available to defense counsel as part of discovery in this case.

3. By signing this stipulation and protective order, defense counsel agrees not to share any documents that contain protected information with anyone other than defense counsel's associated attorneys, designated defense investigator(s), designated defense expert(s), and/or support staff.  Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigator(s), and/or support staff.  The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery.  The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

4. The discovery and information within it may be used only in connection with the litigation of this case and for no other purpose.  The discovery is now and will forever remain the property of the United States of America (the government).  Defense counsel will return the discovery to the government at the conclusion of the case or at the conclusion of defense counsel's representation of the defendant.

5. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.

6. Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

7. In the event that defendant substitutes counsel, undersigned defense counsel agrees to withhold discovery from new counsel and to return any discovery provided to the government.

8. The government might make digital evidence (possibly including contraband) available within the confines of the Homeland Security Investigations, Federal Bureau of Investigation, and/or the Bakersfield Police Department or other appropriate law enforcement facility approved by the government. If made available in this way, the digital evidence (contraband) shall not be viewed by any person other than defense counsel, and/or defense investigators and experts, and such viewing shall be conducted only as necessary to prepare for defendant's defense. Neither defense counsel nor any representative of defense counsel will remove any digital evidence or contraband from the custody or control of the law enforcement agency.

IT IS SO STIPULATED.

Dated: January 6, 2022                          /s/  Serita Rios
                                                Serita Rios
                                                Attorney for defendant
                                                Roy Drees


Dated: January 6, 2022                          PHILLIP A. TALBERT
                                                United States Attorney

                                                By: /s/  David Gappa
                                                David Gappa
                                                Assistant U.S. Attorney

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>           v.<br><br>ROY DREES,<br><br>                    Defendant. | Case No: 1:21-CR-00023 NONE-SKO<br><br>**PROTECTIVE ORDER RELATED TO STIPULATION BETWEEN THE UNITED STATES AND DEFENDANT REGARDING PRODUCTION AND REVIEW OF PROTECTED INFORMATION**<br><br>Ctrm:            7<br><br>Hon.          Sheila K. Oberto |

ORDER

1.  Defense counsel may permit the defendant to view unredacted documents in the presence of his attorney(s), defense investigator(s), and/or support staff.  The parties agree that defense counsel, defense investigator(s), and support staff shall not allow the defendant to copy or record protected information contained in the discovery.  The parties agree that defense counsel, defense investigator(s), and support staff may provide the defendant with copies of documents, if any, from which protected information has first been redacted.

2.  The discovery and information within it may be used only in connection with the

4

litigation of this case and for no other purpose.  The discovery is now and will forever remain the property of the United States of America (the government).  Defense counsel will return the discovery to the government at the conclusion of the case or defense counsel's representation of the defendant.

3. Defense counsel will store the discovery in a secure place and will use reasonable care to ensure that it is not disclosed to anyone in violation of this agreement.  Defense counsel shall be responsible for advising the defendant, employees, and other members of the defense team, and defense witnesses of the contents of this stipulation and order.

4. Any disputes regarding the above or problems implementing this order shall be brought to the attention of the court through representative counsel after first consulting opposing counsel.

Date:  1/6/2022

*Sheila K. Oberto*
Honorable Sheila K. Oberto
United States Magistrate Judge