PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>   v.<br><br>JATIN BHAKTA<br>ROY DREES<br><br>                     Defendants. | CASE NO. 1:21-CR-00023 NONE-SKO<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; ORDER<br><br>DATE: July 20, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is scheduled for a status conference on May 4, 2022, but the parties have agreed to move this hearing to July 20, 2022. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). The court issued General Order 649 on March 29, 2022, which found that public health conditions had not improved significantly and justified an additional ninety-day extension of previous orders related to court proceedings.

These orders were entered to address public health concerns related to COVID-19.  Although the general orders address district-wide health concerns, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.  *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—the general orders require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The general orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001, terrorist attacks and the resultant public emergency).

The coronavirus pandemic poses a similar, albeit more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, 21 F.4th 1036, 1047

(9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the societal context created by the foregoing, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on May 4, 2022. The Court more recently has invited a continuance of this hearing if counsel do not believe that anything substantial can be accomplished at the currently scheduled hearing.

2. By this stipulation, the parties agree that the next status conference be scheduled for July 20, 2022, and to exclude time between May 4, 2022, and July 20, 2022, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

    a) Counsel for defendant's desire additional time to consult with their clients, to review the current charge and conduct additional investigation and research related to the charge, review discovery that has been made available, and to discuss potential resolutions. In particular, counsel for defendant Drees has relatively recently been appointed, and she has been reviewing discovery obtained from prior counsel at the Federal Defender's Office. She believes she needs the additional time to be fully prepared to adequately represent her client.

    b) Counsel for defendants believe that failure to grant the above-requested

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

3

continuance would deny them the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  c) The government does not object to the continuance and joins in the request.

  d) In addition to the public health concerns cited by General Orders 611, 612 and 617 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because counsel or other relevant individuals have been encouraged to telework and minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal contact should the hearing proceed.  For these reasons, the court has encouraged the parties to enter this stipulation.

  e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from May 4, 2022, to July 20, 2022, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice are served by taking such action which outweighs the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 27, 2022          PHILLIP A. TALBERT
                   United States Attorney

                   /s/ DAVID L. GAPPA
                   DAVID L. GAPPA
                   Assistant United States Attorney

| | |
|---|---|
| Dated:  April 27, 2022 | /s/ JARED THOMPSON<br>JARED THOMPSON<br>Counsel for Defendant<br>JATIN BHAKTA |
| Dated:  April 27, 2022 | /s/ SERITA RIOS<br>SERITA RIOS<br>Counsel for Defendant<br>ROY DREES |

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                       Plaintiff,<br><br>              v.<br><br>JATIN BHAKTA<br>ROY DREES,<br><br>                       Defendants. | CASE NO.  1:21-CR-00023 NONE-SKO<br><br>ORDER<br><br>DATE: July 20 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

**ORDER**

       The Court has reviewed and considered the stipulation filed by the parties on April 27, 2022, and also reviewed the record of this case.  For the reasons stated in the stipulation the period of time from May 4, 2022, to July 20, 2022, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

       IT IS SO ORDERED.

DATED:  4/28/2022

                                                *Sheila K. Oberto*
                                       THE HONORABLE SHEILA K. OBERTO
                                        UNITED STATES MAGISTRATE JUDGE