**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| THE UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　vs.<br><br>ROY DREES et al.,<br><br>　　　　　　　Defendant. | Case No.  1:21-CR-00023-JLT-SKO<br><br>**ORDER DENYING WITHOUT PREJUDICE ROY DREES' REQUEST FOR TRAVEL AND SUBSISTENCE FUNDS (Doc. 137)** |

Mr. Drees seeks an order requiring the United States Marshal Service to provide him with funds to cover the cost of travel to court and for food while attending his change of plea hearing in November. (Doc. 137) His attorney, Ms. Rios, reports that Mr. Drees is receiving General Assistance and CalFresh and is unemployed. *Id*. at 1. Ms. Rios states that all of his government assistance is provided to his third-party custodian to pay for his room and board[1]. *Id.*  Ms. Rios does not provide the Court with a financial affidavit or any sworn statement demonstrating the amount of government

---

[1] At the time that District Judge Drozd released Mr. Drees from custody, his then-attorney asserted that the third-party custodian, "Ms. Elizabeth Irizarry has been vetted and approved as an appropriate third-party custodian by pretrial services. She submits that she would house -- provide not only housing but allow for electronic monitoring equipment at the residence. And she would assist him in, you know, making sure his basic needs are met, but also making his court appearances. And Mr. Drees has never missed any of his criminal court appearances. And she also, again, as a third-party custodian would assist in making sure he makes those appearances." (Doc. 9 at 29, lines 14-23) The Court has been apprised of no change in Ms. Irizarry's circumstances that has changed her willingness to "making sure [Mr. Drees'] basic needs are met," such that Mr. Drees cannot use his government-provided funds to pay for travel.

1

assistance Mr. Drees receives or the value of the room and board Mr. Drees receives.[2] In addition, it appears from the pleading, that Mr. Drees is seeking funds for his third-party custodian to travel with him to court, though the request is vague, so the Court cannot be certain of this. *Id*. at 1-2.

The lack of current financial information is important because Mr. Drees relies upon 18 U.S.C. §4285, which provides:

> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, **when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own**, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

Emphasis added. Without financial information, the Court cannot make the needed inquiry or satisfy itself that the interests of justice would be served by ordering the funds.

Apparently as an alternative to the authority stated above, Ms. Rios seeks the costs of travel and food for Mr. Drees through CJA funds and relies upon 18 U.S.C. §3006A for the proposition that the Federal Defender's Office should be ordered to provide this money. She cites to no provision of this section that authorizes the Court to issue such an order and at least one court has found that interpreting this section in this fashion "is admittedly tortured." *United States v. Mendoza,* 734 F.Supp.2d 281, 286 (E.D.N.Y. 2010).

///

///

///

///

///

---

[2] The Court notes that this request appears to duplicate a similar request filed in another case in this Court, United States v. Morrison, Case No.: 1:22-cr-00171 ADA BAM. However, Mr. Drees' request omits the financial documentation that Ms. Morrison provided with her request.

Though the Court is not averse to the request for funds for Mr. Drees, he has not shown that he is entitled to them. He must provide a sworn affidavit demonstrating his financial need. Consequently, his request for travel finds is **DENIED without prejudice.**

IT IS SO ORDERED.

Dated:   **October 18, 2023**

UNITED STATES DISTRICT JUDGE